# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

August 31, 2015

## <u>LETTER OPINION & ORDER</u>

Mr. David Ortiz, Inmate: 96158
Middlesex County Adult Correction Center
P.O. Box 266
New Brunswick, NJ 08903

Re:   <u>David Ortiz, pro se v. Detective Guzman, et al.</u>
      Civil Action No. 2:15-cv-2960-MCA-MAH

Dear Litigants:

Presently before the Court is an application for pro bono counsel, filed under 28 U.S.C § 1915(e)(1), by Mr. David Ortiz, Plaintiff pro se.  <u>See</u> Appl. for Pro Bono Counsel, June 18, 2015, D.E. 6.  For the reasons set forth below, Plaintiff's request is denied without prejudice to his right to renew the application after the parties have exchanged initial disclosures and written discovery.

## <u>Background</u>

This is a prisoner civil rights case.  Plaintiff is currently an inmate at the Middlesex County Adult Correction Center in New Brunswick, New Jersey, and he asserts claims pursuant to 42 U.S.C. § 1983.  <u>See</u> Compl., at 4, Feb. 11, 2014, D.E. 1.  In his Complaint, Plaintiff alleges that on June 3, 2014, Defendants Detective Guzman and Officer Muhammad Muhammad (collectively, "Defendants"), both officers of the Perth Amboy Police Department, sexually assaulted Plaintiff by "sticking their hands down [Plaintiff's] crotch area and feeling on [his] buttocks with out [sic] any provacation [sic]."  <u>See id.</u> at 4-5.  Plaintiff also claims that Defendants "stripped searched" him in public, which violated his privacy and embarrassed him. <u>See id.</u>  As relief, Plaintiff seeks damages for Defendants' alleged acts.  <u>See id.</u> at 6.

Plaintiff filed the Complaint and application to proceed in forma pauperis ("IFP") on April 27, 2015.  <u>See</u> Compl., Apr. 27, 2015, D.E. 1.  On May 6, 2015, the Court granted Plaintiff's request to proceed IFP.  <u>See</u> Order, May 6, 2015, D.E. 2.  On June 18, 2015, Plaintiff filed this application for pro bono counsel.  <u>See</u> Appl. for Pro Bono Counsel, June 18, 2015, D.E.

6.  In his application, Plaintiff argues that he is entitled to counsel because:  (1) he cannot afford an attorney; and (2) he is not knowledgeable about the law or civil procedure.  See id. at 3 ¶¶ 3-4.

## Discussion

In civil cases, neither the Constitution nor any statute provides civil litigants with the right to appointed counsel.  See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997) (citations omitted).  However, district courts have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. §1915(e).  See Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (clarifying that courts may request the appointment of counsel) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).   Appointment of counsel may be made at any point during the litigation, including sua sponte by the Court.  Montgomery, 294 F.3d at 498.

To determine the appropriateness of appointing counsel, courts in the Third Circuit consider the framework established in Tabron.  See 6 F.3d at 156-57.   Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law."  Id. If the applicant's claim has some merit, the Court then considers the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses;
(6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron 6 F.3d at 155-58 n. 5)).  This is a non-exhaustive list, intended to aid the Court in determining whether it is appropriate to appoint counsel. Montgomery, 294 F.3d at 499 (quoting Parham, 126 F.3d at 457)); see also Carson v. Mulvihill, 488 F. App'x 554, 558 (3d Cir. 2012).  A court's decision to appoint counsel "must be made on a case-by-case basis."  Tabron, 6 F.3d at 158.  For this reason, the Third Circuit maintains that courts "should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Montgomery, 294 F.3d at 499.

Here, the Court assumes for purposes of this motion that Plaintiff's claims have merit. Nevertheless, after carefully considering the Tabron factors, the Court concludes that appointing counsel is unwarranted here.

First, Plaintiff appears able to present his case.  When analyzing this first factor, courts often consider a party's "education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  If a plaintiff is incarcerated, courts also consider restraints in place by virtue of the confinement, such as the plaintiff's access to and the availability of computers, telephones, and photocopiers.  See id.  Moreover, while many pro se plaintiffs lack legal training, this "fact alone is not sufficient to warrant appointment of counsel."  Krider v. Heron, No. 06-3231, 2007 WL 2300709, at *2 (D.N.J. Aug. 3, 2007).  Here, Plaintiff has not provided information concerning his education, nor has he explained whether he has access to a

2

law library.  However, his submissions are cogent, and demonstrate that Plaintiff can articulate his claims and the factual basis for them.  The Complaint, for instance, provides relevant dates and parties concerning the particular claims and violation of his privacy.  See Compl., at 4-5, Feb. 11, 2014, D.E. 1.  Therefore, this factor weighs against the appointment of counsel.

The second issue is the complexity of the legal issues involved in Plaintiff's claims. Complexity usually warrants the appointment of counsel "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis."  Tabron, 6 F.3d at 156.  Courts also consider the "proof going towards the ultimate issue and the discovery issue involved."  Parham, 126 F.3d at 459.  In the current action, Plaintiff brings a civil rights claim pursuant to 42 U.S.C. § 1983, asserting that Defendants violated his right to privacy by stripping him naked in public.  Plaintiff also alleges sexual assaulted.  Id. at 4.  To be sure, any allegation of sexual assault is a very serious matter, and Plaintiff will be afforded a full and fair opportunity to engage in discovery and prove his allegations.  But Plaintiff's claims do not present any complex legal issues.  Rather, they arise out of a well-developed body of case law.  Moreover, Plaintiff's factual allegations are straightforward.  Indeed, Plaintiff's Complaint asserts that the alleged sexual assault occurred on a specific date (June 3, 2014) and involved two individuals (Defendants).  See Compl., at 4-5, Apr. 27, 2015, D.E. 1.  Plaintiff's claim that the act occurred "publically" suggests there were witnesses to the incident.  Therefore, Plaintiff's case does not involve such a significant degree of factual or legal complexity as to require representation by a lawyer.  Accordingly, this factor weighs against the appointment of counsel.

Third, "where claims are likely to require extensive discovery and compliance with discovery rules, appointment of counsel may be warranted."  Tabron 6 F.3d at 156 (citing Rayes v. Johnson, 969 F.2d 700, 703 (8th Cir. 1992)).  Under this factor, courts evaluate the "extent to which prisoners . . . may face problems in pursuing their claims."  Id.  Plaintiff has not demonstrated an inability to conduct factual discovery concerning his allegations.  His Complaint indicates that Plaintiff understands the core facts that form the basis of his claim.  See Compl., at 4-8, D.E. 1.  Given the specificity of the allegations, it appears that discovery will be focused on the two defendants named in the Complaint, and any witnesses to the incident.  Thus, the third factor also weighs against the appointment of counsel.

Fourth, the Court considers whether a case will turn on credibility determinations in the appointment of counsel since "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination." Abulkhair v. U.S. Postal Serv., No. 13-7796, 2014 WL 1607379, at *4 (D.N.J. Apr. 22, 2014). Because most cases will turn on credibility determinations, the Third Circuit requires that courts decide "whether the case is solely a swearing contest."  Montgomery, 294 F.3d. 492, 505 (3d Cir. 2002) (citing Parham, 126 F.3d at 460)).  Moreover, when cases are still in the early stages of litigation, and it would be difficult to determine whether the case will turn on credibility determinations, "this factor militates neither in favor nor against appointing counsel."  Salerno v. Corzine, No. 06-3547, 2007 WL 316421, at *2 (D.N.J. Jan. 29, 2007).  This case is still in its early phases, as Defendants have not filed an answer to Plaintiff's Complaint.  As such, it is possible that this case may turn on credibility determinations.  As a result, this factor weighs neither for nor against the appointment of counsel.

3

Fifth, Plaintiff has not yet demonstrated that his claim requires expert testimony.  See Appl. for Pro Bono Counsel, June 18, 2015, D.E. 6.  The Court may appoint counsel where the case will require expert testimony.  Tabron, 6 F.3d at 156.  It may be the case that Plaintiff's claims and the damages he allegedly sustained would be understandable to a lay person without the assistance of an expert.  On the other hand, it is also possible that expert testimony may be important to the issue of damages arising from the alleged assault.  At this early stage in the litigation, it is not possible to determine with any certainty whether expert testimony will be essential to Plaintiff's ability to present his case.  See, e.g., Montgomery, 294 F.3d at 504 (holding that "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person.").  As such, this factor weighs neither for nor against appointment of counsel.

Sixth, and finally, the Court considers a party's ability to afford and retain counsel.  See Tabron, 6 F.3d at 156.  Being certified to proceed IFP meets a necessary condition for having counsel appointed, but even that is not by itself sufficient.  See Clinton v. Jersey City Police Dep't, No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors.").  As a result, Plaintiff's recognized inability to afford a lawyer alone does not warrant the appointment of pro bono counsel in this matter.  See Johnson v. De Prospo, No. 08-1813, 2009 WL 276098, at *3 (D.N.J. Feb. 5, 2009) ("[I]ndigency alone does not warrant the appointment of counsel absent satisfying the other Tabron factors.").  The sixth factor thus also weighs against appointment.

## Conclusion

For the reasons set forth above, the Court denies Plaintiff's application for pro bono counsel.  However, the Court do so without prejudice to Plaintiff's right to renew his application following the exchange of initial disclosures under Federal Rule of Civil Procedure 26 and written discovery.

So Ordered,

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**

4